**The below described is SIGNED.**



**Dated: December 12, 2011**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **STEVEN ALAN KEYSER,** | **Bankruptcy No. 09-25601** |
| Debtor. | **Chapter 7** |
| **WASATCH TOWERS CONDOMINIUM OWNERS ASSOCIATION, INC.** | |
| Plaintiff, | **Adversary Proceeding 10-02784** |
| v. | |
| **STEVEN ALAN KEYSER** | |
| Defendant. | |

## MEMORANDUM DECISION

This matter came before the Court on Motion of Wasatch Towers Condominium Owners Association, Inc. ("Wasatch") to Dismiss Amended Counterclaims of Defendant, the above-captioned Debtor, Steven Alan Keyser (the "Debtor") pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6), filed on October 4, 2011 (the "Motion"). The Court held a hearing on this matter on November 17, 2011 in which the Debtor appeared Pro Se and Jerald Hale appeared

on behalf of Wasatch. At the conclusion of the hearing, the Court took this matter under advisement to determine whether the Debtor's counterclaims in this adversary proceeding should be dismissed.

After careful review of the statutory authority, the case law, and the parties' briefs and arguments, the Court issues the following Memorandum Decision.

**I.      JURISDICTION AND VENUE**

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on this Motion is found to be appropriate and adequate.

**II.     BACKGROUND AND FINDINGS OF FACT**

In 1999, Ariannus Limitada, an entity owned by the Debtor, purchased a condominium located at 1235 East 200 South, Unit 901, Salt Lake City, Utah (the "Unit" or the "Property"). On January 2, 2008, Wasatch recorded a Notice of Lien against the Property and sought to foreclose on that Lien. On or about June 1, 2009, Ariannus Limited quitclaimed its interest in the Property to the Debtor. On June 2, 2009, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. Wasatch filed a proof of claim on March 23, 2010. Wasatch filed this adversary proceeding on September 20, 2010, and subsequently amending its complaint and filing a summons on October 18, 2010.

In the main bankruptcy case, Wasatch filed a Motion for Relief from Stay on October 18, 2010 (the "Motion for Relief"). On November 5, 2010, Trustee Roger R. Segal (the "Trustee") filed a Notice of Intent to Abandon the Property along with all pre-petition and post-petition claims in any way related to the Property. The Debtor filed an objection to Wasatch's Relief from Stay Motion on November 18, 2010. The Court held a hearing on the Motion for Relief on November 22, 2010,

wherein the Debtor affirmed that he did not object to the Trustee's Notice to Abandon, and the Property was formally abandoned that same day. For some reason, Wasatch did not ask for an order for relief from stay at that time, but was entitled to such, and on January 28, 2011, the court entered an Order *nunc pro tunc* as of November 22, 2010 granting Wasatch relief from stay to pursue its in rem foreclosure action against the Property in state court. The January 28, 2011 Order clarified that no action was to be taken against the Debtor personally for prepetition debts.

In the state court action, Wasatch pursued foreclosure against the property by a complaint filed November 24, 2010. On December 10, 2010, Wasatch filed a motion for summary judgment and a motion for a temporary restraining order and preliminary injunction in the state court action requiring that physical loss insurance be maintained on the Property. On December 16, 2010, the state court held a hearing on the temporary restraining order and entered a temporary restraining order. On January 4 and January 10, 2011, the state court held hearings on the temporary restraining order and foreclosure issues. The state court held an additional hearing on March 11, 2011, and on April 27, 2011, the state court entered Findings of Fact, Conclusions of Law, Summary Judgment, and Decree of Foreclosure, ordering the Property to be sold by the Sheriff. The property was subsequently sold on June 21, 2011. By request of the Debtor, on August 11, 2011, Wasatch filed an accounting of the foreclosure sale in state court.

On September 14, 2011, the Debtor filed his First Amended Answer to Complaint and Counterclaims (the "Counterclaims") in this adversary proceeding. The Counterclaims assert three causes of action: 1) a violation of the automatic stay under section 362(a)(6) of the Bankruptcy Code, 2) a violation of the automatic stay under section 362(a)(1) of the Bankruptcy Code, and 3) failure to pay taxes and comply with accounting of foreclosure. The Debtor requested damages in the

3

amount of prepetition property taxes, penalties and interest, interest charged to Keyser by Wasatch on prepetition taxes, damages for mental and emotional distress, and an order of specific performance requiring Wasatch to pay the outstanding taxes. On October 4, 2011, Wasatch filed the Motion, requesting the Debtor's counterclaims be dismissed.

### III. DISCUSSION

When considering a complaint in light of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must construe all well-pleaded factual allegations in the light most favorable to the nonmoving party. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). A complaint need not contain detailed factual allegations, but the allegations must be sufficient to create more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). "The Court may dismiss a cause of action under Rule 12(b)(6) when it 'appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'" *Wade v. Gaither*, 623 F.Supp.2d 1277, 1281 (D.Utah 2009)(quoting *Moore*, 438 F.3d at 1039).

Wasatch bases its Motion on the grounds that none of the three causes of action brought forth by the Debtor in his Counterclaims are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2). Wasatch argues that although the Debtor describes his claims as violations of the automatic stay, all three actions are actually determinations as to taxes owed on the Property. Wasatch argues that as the Property was abandoned by the estate, any dispute regarding the property taxes is between the Debtor and Wasatch in relation to the state court action, would not have an effect on the administration of the estate, and is therefore outside the scope of core proceedings. Wasatch also argues that the Counterclaims should be dismissed because they fail to state claims upon which relief

4

can be granted. Wasatch argues that the allegations are not supported by well-plead facts and are based on conclusory allegations and legal conclusions. Wasatch finally argues the accounting clearly delineated between prepetition taxes owed by Arrianus Limited and postpetition debt attributable to the Debtor.

The Debtor argues that his Counterclaims are causes of action to determine violations of the automatic stay. He argues that stay violation claims are core proceedings, and that such actions can be heard by this Court. He also argues that the Counterclaims are supported by well pled facts, and that the Counterclaims meet the test for sufficiency of a complaint set forth in Rule 8 of the Federal Rules of Civil Procedure. He claims that on the State Treasurer's website, all taxes are listed in his name, and therefore, Wasatch is incorrect when it states that the prepetition taxes are attributable to and owed by Arrianus Limitada.

The Court concludes that no cause of action is stated in the Debtor's Counterclaims because it lacks subject matter jurisdiction to hear the counterclaims. The subject matter of the Counterclaims is completely unrelated to the nondischargeability action in this adversary proceeding, and would substantially slow down and impede the swift resolution of the adversary proceeding. The Tenth Circuit Court of Appeals has clarified the definition of core proceedings:

> Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings. The test for determining whether a civil case is "related" in bankruptcy is whether the outcome of that proceeding could conceivably have any effect of the estate being administered in bankruptcy. The bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy. In re Gardner, 913 F.2d 1515 (10th Cir. 1990).

While it is possible the Debtor's Counterclaims are core proceedings under 28 U.S.C. § 157(b), they are completely unrelated to the subject of the original complaint in the adversary proceedings, the determination of nondischargeability under section 523 of the Bankruptcy Code. The Court in the main case has already found that Wasatch's pursuit of the *in rem* remedy of foreclosure was not in violation of the automatic stay. However, Wasatch is not permitted to pursue any action against the Debtor personally for prepetition debts, and any attempt to do so could constitute a violation of the automatic stay. Thus, a claim for violation of the automatic stay may exist independently under section 362(k) of the Bankruptcy Code. However, such claims must be brought in the main bankruptcy case, and not in an adversary proceeding such as this which seeks to determine the dischargeability of a debt.

It is worth noting that the Debtor is still in the redemption period after the foreclosure sale under state law. The right of redemption from a sheriff's sale is a statutory right provided in section 78B–6–906 of the Utah Code, stating that "[s]ales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption." The procedures for exercising the right to redemption are set out in rule 69C of the Utah Rules of Civil Procedure, which provides that a person seeking to redeem property sold through a sheriff's sale must pay the redemption amount within six months after the sale. *Pyper v. Bond*, 258 P.3d 575, 578 (Utah 2011). The sheriff's sale of the Property took place on June 21, 2011. Therefore, the redemption period will run on December 18th, at which point the issues presented both in the counterclaims may become moot.

### IV.    CONCLUSION

Based on the foregoing, Wasatch's Motion to Dismiss should be granted. A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____



oo00–00oo
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Steven Alan Keyser
1667 Mohawk Way
Salt Lake City, UT 84108
 *Debtor, pro se*

Donald J. Winder
Jerald V. Hale
Winder & Counsel, P.C.
175 West 200 Wouth #4000
P.O. Box 2668
Salt Lake City, UT 84110-2668
 *Attorneys for Wasatch Towers Condominiums Owners Association, Inc.*

Roger E. Segal
257 East 200 South
Suite 700
P.O. Box 11008
Salt Lake City, UT 84110-2668
 *Chapter 7 Trustee*

U.S. Trustee's Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111